# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MORGAN BENJAMIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     Case No. 17 C 2509 |
| | ) |
| DANIEL THOMPSON and HUFF N PUFF | ) |
| FITNESS REPAIR LLC, | ) |
| | ) |
| Defendants. | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Morgan Benjamin used to work for Huff N Puff Fitness Repair LLC, a fitness machine repair company owned by Daniel Thompson.  Benjamin has filed suit against Huff N Puff and Thompson alleging that they failed to properly compensate him for overtime work in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Act, and the Illinois Wage Payment and Collection Act.  Benjamin also requests a declaratory judgment that the employment contract he entered into with Huff N Puff is invalid, and he alleges that defendants are liable for tortious interference with prospective economic advantage.

Defendants filed a two-count counterclaim against Benjamin alleging breach of contract and tortious interference with business relationships.  They allege that, after Benjamin's employment agreement expired in April 2015, he solicited two of Huff N Puff's clients in violation of the agreement.  Benjamin has moved to dismiss both of these claims.  He argues that they have failed to allege that (1) he breached the

employment agreement as required for the breach of contract claim and (2) his alleged

interference with defendants' business relationships was unjustified as required for the

tortious interference claim.

When considering a motion to dismiss a counterclaim, the Court accepts as true

the factual allegations in the counterclaim and draws reasonable inferences in favor of

the non-moving party. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570,

574 (7th Cir. 2001). The counterclaim must contain sufficient factual matter to state a

claim to relief that is plausible on its face. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d

547, 555 (7th Cir. 2012).

Defendants allege in count 1 that Benjamin breached his employment contract

with Huff N Puff by soliciting two of its customers sometime after the contract ended in

April 2015. But defendants have failed to allege that Benjamin breached any provision

of the contract, a necessary element of a breach of contract claim. *See Burkhart v. Wolf

Motors of Naperville, Inc. ex rel. Toyota of Naperville*, 2016 IL App (2d) 151053, ¶ 14,

61 N.E.3d 1155, 1159. Defendants claim that Benjamin's solicitation of two of its clients

violates the provision of the contract that prohibits him from soliciting any of its

customers with any products or services not approved by the company. Countercl. ¶¶

8–9. Defendants admit, however, that this alleged solicitation occurred after the

contract expired in April 2015. *Id.* ¶ 9. Benjamin therefore was no longer bound by this

provision, which by its plain and ordinary meaning does not extend beyond the term of

the contract itself.

Defendants argue that Benjamin concedes in his complaint that the non-

solicitation provision restricts him past the expiration of the contract. It is true that

Benjamin's claim for a declaratory judgment that the contract is invalid rests on his allegation that it impermissibly restricts his activities beyond the term of the agreement. Compl. ¶¶ 1253, 1258, 1262–64.[1]  In making this argument, however, Benjamin cites a different portion of the contract, which provides:

> Contractor agrees not to work for such service / repair order customers as Client shall from time to time refer except as Client shall from time to time give permission to serve.  This restriction shall not apply to any service / repair customers who request services from Contractor more than two years from the last date on which Client shall have referred a service / repair order naming them as customers of Client to Contractor.

*Id.* ¶¶ 15, 1262–64; Compl., Ex. A (Contract) at 3.  Thus Benjamin's claim that *this* provision impermissibly restricts his conduct even after the contract's expiration is not a concession that the term cited by defendants also applies after the contract's expiration. The Court therefore grants Benjamin's motion to dismiss count 1 of defendants' counterclaim.

Defendants allege in count 2 that this same conduct by Benjamin constitutes tortious interference with their business relationships.  But to state a claim for tortious interference, defendants must allege that Benjamin's conduct was unjustified.  *Chicago Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 862, 893 N.E.2d 981, 993 (2008).  This is because a plaintiff is not entitled to "sue any competitor who lures away customers," but only those competitors "who use wrongful means to interfere."  *Id.* at 863, 893 N.E.2d at 994.  The only basis defendants' provide for their claim that Benjamin's competitive conduct was unlawful is his alleged violation of the non-solicitation clause.  The Court has already concluded that defendants have failed to

---

[1] These citations do not mean that the complaint contains over 1200 paragraphs. Rather, they derive from the somewhat unusual method of numbering used by Benjamin's counsel.

adequately allege that Benjamin violated this clause.  Therefore they have also failed to

allege that he employed wrongful means while competing with defendants for business.

*See Pampered Chef v. Alexanian*, 804 F. Supp. 2d 765 (N.D. Ill. 2011) ("[W]ithout a

valid non-solicitation clause there would have been no 'unjustified tampering' and thus

no viable claim for tortious interference with economic advantage." (internal citations

omitted)).  The Court grants Benjamin's motion to dismiss count 2 of defendants'

counterclaim.

## Conclusion

For the foregoing reasons, the Court grants Benjamin's motion to dismiss

defendants' counterclaim [dkt. no. 11].

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  August 16, 2017